IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Perry Lee Watford, #289215, )
)
    Petitioner, )
)
v. ) Civil Action No. 6:09-924-SB
)
Robert M. Stevenson, III, Warden, ) **ORDER**
)
    Respondent. )
_____ )



This matter is before the Court upon Perry Lee Watford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record contains the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this district. In the R&R, which was filed on February 1, 2010, the Magistrate Judge recommends that the Court grant the Respondent's motion for summary judgment. Attached to the R&R was a notice advising the parties of the right to file specific, written objections to the R&R within 14 days of the date of service of the R&R. On February 16, 2010, the Plaintiff filed timely objections to the R&R, and the matter is ripe for review.

## BACKGROUND

In June of 2002, the Lexington County Grand Jury indicted the Petitioner with leaving the scene of an accident resulting in death (02-GS-32-2322) and reckless homicide (02-GS-32-2321).[1] Attorney Robert Theodore Williams represented the Petitioner, and on

---

[1] In the early morning of October 10, 2001, on Interstate 26 in Lexington County, the Petitioner was driving a tow truck and collided with a small car, striking the car in the rear. The tow truck apparently rode up the back of the small car and crushed the roof. The Petitioner fled the scene, but the two passengers in the tow truck remained on the scene. The driver of the small car was dead when the police and medical personnel

December 3, 2002, the Petitioner pleaded guilty as charged. The Honorable Marc H. Westbrook sentenced the Petitioner to 25 years for leaving the scene of an accident with death and ten years for reckless homicide, both to run concurrent to a nine-year sentence imposed for revocation of the Petitioner's probation from a 1999 conviction for assault and battery of a high and aggravated nature ("ABHAN").[2]

The Petitioner appealed his sentence and conviction. On appeal, Assistant Appellate Defender Aileen P. Clare represented the Petitioner. On July 7, 2003, Clare filed a final Anders brief and petitioned to be relieved as counsel. Anders v. California, 386 U.S. 738 (1967). The Anders brief raised the following issue: "Was appellant's sentence unconstitutionally disproportionate?"

The Petitioner then retained attorney Tara Dawn Shurling to represent him. Shurling wrote the court on January 23, 2004, and explained that the Petitioner had retained her to represent him in his post-conviction relief ("PCR") proceedings. Shurling provided the court with the Petitioner's affidavit, dated January 22, 2004, wherein he indicated that he did not want to appeal and asked that his appeal be dismissed. Shurling also represented that she had spoken to Clare, and that Clare concurred in the Petitioner's decision to abandon his appeal. On April 30, 2004, the South Carolina Court of Appeals issued an order of dismissal and a remittitur dismissing the Petitioner's appeal.



On June 3, 2004, the Petitioner, with the assistance of Shurling, filed a PCR

---

arrived. No autopsy was conducted, and the victim's death certificate listed the cause of death as multiple trauma. The Petitioner turned himself into police the next day.

[2] The Petitioner had received a ten-year sentence for the ABHAN charge, suspended to five years' probation. The Petitioner violated the terms of his probation by having contact with the victim.

2

application, alleging the following grounds for relief:

> 10.(a) The Applicant received ineffective assistance of counsel prior to and during his guilty plea proceeding in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 14 of the South Carolina Constitution.
>
> 11.(a) Trial Counsel failed to adequately investigate the Applicant's charged, failed to investigate and interview potential witnesses and failed to give his client adequate legal advice prior to the Applicant's guilty plea proceeding. Trial counsel failed to fully advise the Applicant of all the consequences of this plea and further failed to investigate the potential defenses against the charges against the Applicant.
>
> 10.(b) The Applicant's Plea of Guilty was not Voluntarily and Intelligently entered. The judgment and sentence against the Applicant were entered in violation of his rights pursuant to due process of law.
>
> 11.(b) Counsel failed to provide [ ] effective assistance of counsel prior to and during his guilty plea proceeding. The Applicant's pleas of guilty were coerced by counsel's failure to provide adequate representation.
>
> 10.(c) The Applicant received ineffective assistance of counsel in connection with his Probation Revocation. But for which the Applicant would not have pleaded guilty to the new charges which were the basis for his probation revocation.
>
> 11.(c) The Applicant's probation revocation was a direct consequence of his pleas which were not knowingly and voluntarily entered.

(Entry 14-1 at 53.) The State filed its return on August 13, 2004.

On January 24, 2006, the Honorable Clyde N. Davis, Jr. held an evidentiary hearing at which the Petitioner appeared, represented by Shurling. The Petitioner testified, and he presented the testimony of trial counsel Williams. The State presented the testimony of the victim's mother. At the hearing, the Petitioner indicated the issues on which he wished to proceed: (1) counsel's failure to fully investigate the case, including the issue of proximate cause; and (2) counsel's failure to fully investigate the grounds for his probation

3

revocation. On August 11, 2006, Judge Davis entered an order denying the Petitioner's PCR application and dismissing it with prejudice.

The Petitioner filed a timely notice of appeal. Assistant Appellate Defender Robert M. Pachak represented him on appeal, and on May 1, 2007, Pachak filed a Johnson petition for a writ of certiorari and a request to be relieved as counsel. Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1986). The Johnson petition raised the following issue: "Whether defense counsel was ineffective in failing to investigate the proximate cause of the death of the victim?" (Entry 14-7 at 3.) The Petitioner also filed a pro se petition raising the following issues:

> I. Whether defense counsel was ineffective in failing to investigate the proximate cause of the death of the victim?
> II. Whether trial counsel failed to provide effective assistance of counsel prior to and during his guilty plea proceeding. Petitioner's pleas of guilty were coerced by counsel's failure to provide adequate representation?
> III. Whether Petitioner's probation revocation was a direct consequence of his pleas which were not knowingly and voluntarily entered and denied Petitioner counsel?

(Entry 14-8 at 2.)

On May 2, 2008, the court of appeals filed an order denying certiorari and granting counsel's petition to be relieved as counsel. The court sent the remittitur to the Lexington County Clerk of Court on May 20, 2008.



The Petitioner, again represented by Shurling, filed the instant petition for a writ of habeas corpus on April 8, 2009. In his petition, he raises the following grounds:

> **GROUND ONE:** The Petitioner was denied the right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, when plea counsel failed to ensure that an autopsy was performed on the decedent prior to his cremation.

4

**Supporting facts:** The Petitioner was charged with reckless homicide and leaving the scene of an accident resulting in death in connection with a collision with the decedent's vehicle. Defense counsel did not insist upon an autopsy being performed on the decedent to determine the cause of death, and whether the decedent had died prior to the accident. The Petitioner's pleas of guilty were not knowingly, voluntarily, or intelligently entered inasmuch as he did not know that he court argue that the State could not prove that the Petitioner's conduct was the proximate cause of the decedent's death.

**GROUND TWO:** The Petitioner was denied the effective assistance of counsel when plea counsel failed to investigate the decedent's vehicle.

**Supporting facts:** The Petitioner was charged with reckless homicide and leaving the scene of an accident resulting in death in connection with a collision with the decedent's vehicle. The Petitioner claims that the hit the decedent's vehicle but did not see the vehicle prior to doing so. Plea counsel failed to investigate the condition of the decedent's vehicle to determine if the vehicle had working lights the night of the accident. The Petitioner's pleas of guilty were not knowingly, voluntarily, or intelligently entered inasmuch as he did not know that he could argue that his conduct was not criminal if the decedent's actions caused the accident.

**GROUND THREE:** The Petitioner was denied the effective assistance of probation revocation counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, when probation counsel failed to investigate the alleged probation violations.

**Supporting facts:** The Petitioner was on probation at the time of his plea. During the plea proceeding, the Petitioner's probation officer moved to violate the Petitioner's probation, due to the Petitioner's alleged contact with the victim from the underlying conviction. The Petitioner had not had deliberate contact with the victim. Furthermore, if plea counsel had provided the effective assistance of counsel and the Petitioner had not pleaded guilty, the Petitioner would have had no other alleged probation violations.

(Entry 1 at 6-7, 9.)

On July 20, 2009, the Respondent filed a motion for summary judgment, to which the Petitioner responded on September 28, 2009. On February 1, 2010, the Magistrate Judge issued an R&R recommending that the Court grant the Respondent's motion for

5

summary judgment, and the Petitioner filed objections on February 16, 2010.

## STANDARDS OF REVIEW

### I. Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### II. The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for the objection. Id.



## DISCUSSION

### I. Exhaustion of Remedies Pursuant to 28 U.S.C. § 2254(b)(1)(A)

Relief under § 2254 may be had only after a habeas petitioner has exhausted his state court remedies. "To satisfy the exhaustion requirement, a habeas petitioner must

present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors in state proceedings, a § 2254 petitioner is required to "exhaust" all state remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

To exhaust a claim in state court, a person in custody has two primary means of attacking his conviction: filing a direct appeal and/or filing an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160. "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564 (1990).

## II. Procedural Default

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. Smith v. Murray, 477 U.S. 527, 533 (1986). Procedural default can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

## III. Relationship Between Exhaustion and Procedural Default

If a federal habeas petitioner has procedurally defaulted his opportunity for relief in

7

the state courts, the exhaustion requirement is technically met and the rules of procedural bar apply. See Matthews, 105 F.3d 907 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991), Teague v. Lane, 489 U.S. 288, 297-98 (1989), and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)). Thus, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague, 489 U.S. at 297-98.

## IV. Excusing Procedural Default

Notwithstanding the foregoing, a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction in very limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, and second, a petitioner can rely on the doctrine of actual innocence. Coleman, 501 U.S. at 750.

"Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Moreover, the claim of cause itself must be exhausted. See Edwards v. Carpenter, 529 U.S. 466 (2000).  To establish "actual prejudice," a petitioner generally must show some error. In addition, a petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm. Lastly, "actual innocence" is not an independent claim, but a method of excusing default. To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor,
8

188 F.3d 239 (4th Cir. 1999).

## V. Habeas Corpus Relief

With respect to those claims adjudicated on the merits, habeas relief is warranted only if a petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. <u>Id.</u> at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. <u>Id.</u> at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. <u>Id.</u> at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).



## VI. Ineffective Assistance of Counsel

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced

9

the defense. Id. at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice in the context of a guilty plea and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58 (1986). This determination is an objective one based on whether going to trial might reasonably have resulted in a different outcome. Id. at 59-60.

## VII. Analysis

In his motion for summary judgment, the Respondent asserts that all three of the Petitioner's grounds for relief are procedurally defaulted, relying heavily on State v. Lyles, 381 S.C. 442, 443, 673 S.E.2d 811, 812 (S.C. 2009), where the South Carolina Supreme Court held that, "as a matter of policy, [it] would not entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." In Lyles, the court noted that "a decision of the Court of Appeals after conducting a review pursuant to Anders is not a decision on the merits of the appeal, but simply reflects that the appellate court was unable to ascertain a non-frivolous issue which would require counsel

to file a merits brief." Id. At 444-45, 673 S.E.2d at 813.

Here, the Respondent relies on Lyles by analogy, asserting that the state court's determination that an Anders review is not a decision on the merits means that the denial of a Johnson petition is also not a decision on the merits. Thus, the Respondent argues that in denying the Johnson petition, the appellate court did not consider the merits of the Petitioner's claims and that, therefore, the claims are procedurally defaulted.

After consideration, the Court disagrees with the Respondent's attempt to apply Lyles in this manner and finds that the denial by an appellate court of discretionary review of a PCR action does not by itself result in procedural default under Coleman. See also McCoy v. Cartledge, 2010 WL 680258 (D.S.C. Feb. 24, 2010). Here, Pachak filed a Johnson petition raising the issue presented in ground one of the instant § 2254 petition (that counsel was ineffective for failing to request an autopsy). In addition, the Petitioner filed a pro se petition raising the issues presented in both grounds one and three (that counsel was ineffective for failing to investigate the alleged probation violations) of the instant § 2254 petition. The Court finds that these claims are not procedurally defaulted.



Next, with respect to ground two of the instant § 2254 petition (that counsel was ineffective for failing to investigate the condition of the decedent's vehicle at the time of the accident), the Petitioner concedes in his response that this issue was not presented directly in either Pachak's Johnson petition or his pro se petition. Nevertheless, the Petitioner asserts that this claim is not procedurally defaulted because it was presented to and ruled on by the PCR court, and then the appellate court, faced with a Johnson petition, reviewed the entire record for any issues of potential merit. After review and in the interest of fairness, the Court agrees and finds that the Petitioner has not procedurally defaulted his

11

second ground.[3] Thus, the Court will proceed to consider the merits of all three of the Plaintiff's grounds.

As previously set forth, in ground one, the Petitioner asserts that his guilty plea was unknowing and involuntary because counsel was ineffective for failing to investigate the proximate cause of the victim's death. Similarly, in ground two, the Petitioner asserts that his guilty plea was unknowing and involuntary because counsel was ineffective for failing to investigate the condition of the decedent's vehicle at the time of the accident. Lastly, in ground three, the Petitioner asserts that counsel was ineffective for failing to fully investigate the alleged probation violations. The PCR court addressed all three of these claims and found as follows:

> The Applicant alleges counsel was ineffective for failing to make proximate cause an issue on the theory that the victim may have died from some other cause such as heart attack, stroke, etcetera. The theory is that the driver died and his vehicle stopped in the road–thus the accident was not the proximate cause of death. This theory cannot be proven because there was no autopsy and the body was cremated. The Applicant claims ineffective assistance of counsel in failing to require an autopsy before the cremation.
>
> Counsel did not demand an autopsy because it did not seem to be a good idea to get the victim's family more upset. There was no evidence that this mid-twenties former soldier had any underlying medical condition which would suggest some other cause of death. The coroner's report and death certificate indicate multiple trauma wounds to the body. A police report indicates both vehicles were moving at the time of the accident, refuting the theory that the vehicle was stopped in the road. Given these facts and counsel's strategy of trying not to inflame the family further prior to disposition of the criminal case, this Court finds no ineffective assistance of

---

[3] In the R&R, the Magistrate Judge found that the Petitioner's first ground was not procedurally defaulted but did not address whether grounds two and three were procedurally defaulted, finding instead that the claims fail on their merits. To the extent that the Petitioner objects to the Magistrate Judge's decision not to address whether grounds two and three were procedurally defaulted, the Court sustains the objection (insofar as it finds that the Petitioner has not procedurally defaulted any of his claims).

counsel.

> The Applicant also alleges that counsel was ineffective for failing to investigate the vehicle to determine if the taillights were operable at the time of the collision. The Applicant complains he did not see the taillights. There were no other witnesses to the accident. Police reports indicate the headlights were on and operating which would give rise to the inference that the taillights were in the on position. The rear of the vehicle was demolished by the accident and there was no showing of what else the attorney could have done to investigate this issue. This Court finds no ineffective assistance of counsel on this issue.
>
> Finally, the Applicant's allegation that counsel did not adequately investigate the probation revocation matter is without merit. Counsel explained that he did investigate the events underlying the alleged probation violation and determined any attempt to challenge it would essentially be a swearing match. Further, because the Applicant was pleading to more serious offenses, counsel did not see the need to raise a challenge to the violation. This Court finds no ineffective assistance of counsel on this issue.

(Entry 1-1 at 6-7.)

In the R&R, the Magistrate Judge summarized in great detail the testimony presented at the PCR hearing as well as the PCR court's findings. After this extensive review, the Magistrate Judge found that the record supports the PCR court's findings that counsel's performance was not deficient.

First, with respect to ground one, the Magistrate Judge noted that the victim was a healthy, 23 year-old man who did not have any alcohol or drugs in his system at the time of death, and that the Petitioner, who had been drinking and was driving a tow truck, ran over the victim in a small car, resulting in multiple traumas to the victim. Ultimately, the Magistrate Judge determined that counsel's failure to request an autopsy was reasonable under the circumstances.

Next, with respect to ground two, the Magistrate Judge noted that the taillights and brake lights were not sealed for evidence and that the Highway Patrol was unable to

13

determine whether the taillights were operating at the time of the accident due to the damage to the rear of the vehicle. However, the Magistrate Judge noted that the Highway Patrol's investigation indicated that the switch for the taillights was on, as was the switch for the headlights. Moreover, the report showed that the victim's car was traveling at 60 miles per hour while the Petitioner's tow truck was traveling at 80 miles per hour, and the report did not contain any information that the victim's car may have been stationary at the time of the accident. Based on the evidence and circumstances,[4] the Magistrate Judge found that counsel's decision not to investigate the taillights was reasonable.

Finally, the Magistrate Judge also found ground three to be without merit. Specifically, the Magistrate Judge found that the Petitioner could show no prejudice from his counsel's alleged deficiency because, regardless of the whether the Petitioner intended to contact the victim of his ABHAN conviction, his guilty plea to the charges stemming from the collision provided sufficient grounds to revoke his probation.

In his objections to the R&R, the Petitioner essentially reasserts all of the arguments contained in his petition and in his response to the Respondent's motion for summary judgment. First, he asserts that defense counsel's failure to explore the primary avenue for a defense (autopsy) was error and that counsel's attempt to avoid angering the decedent's family did not justify his failure to request an autopsy. With respect to ground two, the Petitioner asserts that prejudice should be presumed because counsel failed to

---

[4] At the PCR hearing, counsel testified that two passengers in the Petitioner's car had consumed so much alcohol that they could not be credible witnesses, and that although a woman heard the collision and saw the Petitioner leaving the scene, she did not actually see the collision. Counsel felt that the Petitioner would have had a stronger case if he had remained at the scene and told his version of events, instead of leaving his two intoxicated friends who could provide little information.

investigate the decedent's vehicle after the collision and the vehicle has now been destroyed. Lastly, with respect to ground three, the Petitioner concedes that he cannot prove prejudice if his guilty pleas are found valid. However, because he contends that the Court should vacate his guilty pleas, he asserts that the Magistrate Judge erred in recommending summary dismissal of this ground.

After a very thorough review of the record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and incorporates it into this order. Moreover, the Court finds that the Petitioner's objections do not point to any factual or legal error in the R&R sufficient to alter the outcome of this case. Although the Petitioner clearly disagrees with the PCR court's and the Magistrate Judge's conclusions, this Court finds them to be reasonable under the law and fully supported by the record. Here, because the Court finds that the Petitioner has failed to demonstrate that the state court adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," the Court finds that the Respondent is entitled to summary judgment. 28 U.S.C. § 2254(d)(1).

## CONCLUSION

Based on the foregoing, the Court adopts the Magistrate Judge's R&R (Entry 25) and grants the Respondent's motion for summary judgment (Entry 13).[5]

---

[5] Because the Court does not find that the Petitioner has made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases In the United States District Courts; 28 U.S.C. § 2253(c)(2).

15

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　The Honorable Sol Blatt, Jr.
　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

March 11, 2010
Charleston, South Carolina

#16